# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| **SHAWN HAYNES** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | **JURY DEMAND** |
| | ) | **COMPLAINT FOR DAMAGES;** |
| **CITY OF CLARKSVILLE;** | ) | **1) Employment discrimination; Race** |
| **Mayor Kim McMillan in her official** | ) | **2) Retaliation** |
| **capacity** | ) | **3) Violation of Due Process under § 1983** |
| **Defendants** | ) | **4) Employment discrimination; ADA** |

## COMPLAINT

COMES NOW the Plaintiff, Shawn Haynes, by and through counsel, submits this Complaint against City of Clarksville, and hereby alleges as follows:

## JURISDICTION

1. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 which provides that "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. " This Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

2. This is a civil action brought under the authority of Title VII of the Civil Rights Act of 1964, as amended based on race discrimination, 42 U.S.C. § 2000e et.seq., 42 U.S.C. § 1983, the Tennessee Human Rights Act as set forth at Tenn. Code Ann. § 4-21-101 et seq., and malicious harassment set forth at Tenn. Code Ann. § 4-21-701, for damages suffered as a result of Defendant's retaliation. ; the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) based on disability; in retaliation for opposing unlawful employment practices and requesting a

reasonable accommodation; and violation of due process prior to deprivation of Plaintiff's employment in violation of

3.     This Court has supplemental jurisdiction over the causes of action brought herein under Tennessee Human Rights Act and state law pursuant to 28 U.S.C.A. § 1367.

## **VENUE**

4.     Venue is proper in this Court pursuant to 28 U.S.C.A. §§ 123(b)(1) because Montgomery County is the district and division where a substantial part of the events or omissions giving rise to the claim occurred within the district.

5.     An actual controversy exists between the parties.

## **I.  PARTIES**

6.     Shawn Haynes (hereinafter "Plaintiff"), at all relevant times mentioned herein, was, and is, a resident Clarksville and County of Montgomery, State of Tennessee.  Plaintiff had the position of water distribution/wastewater collections assistant during his employment with Clarksville Gas and Water, a department of the City of Clarksville, Montgomery County, Tennessee.

7.     At all relevant times mentioned herein, the City of Clarksville, is a business operating in Clarksville, Montgomery County, State of Tennessee, and may be served upon Mayor Kim McMillan at One Public Square, Clarksville, TN 37040.  department of Clarksville Gas and Water (hereinafter, "CGW", "the company," "Defendant" or included in "Defendants") was and is a civil agency, a municipality and a department of the City of Clarksville, Tennessee.

8.     The Defendant is an enterprise engaged in business affecting commerce and has had 8 or more employees within the state during the relevant times herein.

## FACTUAL ALLEGATIONS

9. Plaintiff is a black male.

10. Plaintiff was hired by the City of Clarksville February 4, 2016 as a water distribution wastewater collections assistant.

11. Plaintiff was employed by Defendant until March 29, 2016.

12. Based on information and belief, the City of Clarksville has a pattern, practice or custom of treating minority employees or employees otherwise protected under various state and federal laws in a discriminatory manner.

13. The City of Clarksville has written policies that establish that all employees shall be treated fairly in all aspects of employment and shall have the right to present grievances free of fear, restraint, coercion, discrimination or reprisal.

14. Plaintiff filed a complaint with the Equal Employment Opportunity Commission based on race discrimination, age discrimination, disability and retaliation against Clarksville Gas & Water, as a department of the City of Clarksville.

15. At all relevant times, Plaintiff has been ready, willing and able to perform the duties of his employment with the City of Clarksville in a workplace free of discrimination and harassment, as to be trained to and perform the duties of another position of equal level or pay requiring the skills and experience.

16. Plaintiff in good faith performed all of the obligations of his employment, except to the extent that he was prevented from doing so by Defendants.

17. Said employment practices were done with malice and reckless indifference to the Plaintiff's federal and state protected rights.

18. As a consequence of Defendants' actions, Plaintiff has suffered, and continues to

suffer general and special damages, including lost wages, benefits, and other employee benefits, lost career opportunities and loss of reputation.

19.	As a further consequence of Defendants' discriminatory and retaliatory actions, Plaintiff has suffered and continues to suffer extreme anguish, humiliation, emotional distress, physical distress and has increased his risk of heart disease.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## FIRST CAUSE OF ACTION
(Discrimination Based on Race under Title VII of the Civil Rights Act of 1964, as amended, and the Tennessee Human Rights Act)

20.	Plaintiff hereby incorporates by reference paragraphs 1-19, inclusive, of this Complaint as though fully set forth herein.

21.	This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, for employment discrimination. This cause of action is also brought under the Tennessee Human Rights Act which prohibits discrimination in employment based on race.

22.	At all relevant times, City of Clarksville was a corporation subject to suit under the Tennessee Human Rights Act, T.C.A. 4-21-101 et. Seq. (hereinafter "THRA") and the common law of the State of Tennessee, in that it is a business with eight or more employees doing business in the State of Tennessee.

23.	Plaintiff timely filed a Complaint with the Tennessee Human Rights Commission ("EEOC Complaint" or "THRA Complaint). Plaintiff received a Dismissal and Notice of Rights. Both the Complaint of Discrimination and the Dismissal and Notice of Rights have been served on Defendant and Plaintiff timely files this action.

24.	Plaintiff alleges that his race was a determining factor in the terms and conditions

of his employment.  Similarly-situated white employees were not subjected to the same or similar unfavorable treatment including but not limited to being fired for the same conduct.

25. The City of Clarksville has discriminated against Plaintiff because of his race in, but not limited to, the following ways:

    **a.** Plaintiff was treated differently than other similarly situated white employees in the terms and conditions of his employment for no justified business reason;

    **b.** Plaintiff was held to a higher performance standard than other similarly white employees for no justified business reason;

    **c.** Despite being ready, willing and able to perform his job, Defendant failed to train him properly;

    **d.** Applied disciplinary actions including termination in an unfair and discriminatory manner;

    **e.** Applied disciplinary actions to Plaintiff differently than it applied to similarly situated white employees;

    **f.** The City of Clarksville did nothing to prevent, remedy or correct the discrimination based on Plaintiff's race.

26. The City of Clarksville has a duty to treat all employees fairly in a non-discriminatory manger in the terms and conditions of employment consistent with state and federal law. The managers and supervisors of CGW knew or should have known of the above-mentioned discrimination, and had notice about behaviors among Plaintiff's peers that effected his job training and completion of tasks.  Yet, Defendant failed to take immediate and appropriate corrective action to stop the discrimination and behaviors effecting Plaintiffs.  Defendant failed to

take all reasonable steps to prevent such discrimination from occurring.

27.     As a direct and proximate result of the City of Clarksville's unlawful conduct as herein alleged, Plaintiff has suffered, and continues to suffer, general and special damages, including lost wages, benefits, bonuses, other employee benefits, lost career opportunities and loss of reputation, the precise amount to be proven at trial.

28.     As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the amount of damages not yet fully ascertained but in excess of the jurisdiction of this Court, the precise amount to be proven at trial.

29.     The conduct of the City of Clarksville, its agents, and employees as described herein was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## SECOND CAUSE OF ACTION
(Discrimination Based on Disability under Title VII of the Civil Rights Act of 1964, as amended, and the Tennessee Human Rights Act)

30.     Plaintiff hereby incorporates by reference paragraphs 1-29, inclusive, of this Complaint as though fully set forth herein.

31.     This cause of action is brought pursuant to Title VII of the Civil Rights Act of 1964 as amended, for employment discrimination, 42 U.S.C. § 12112 and T.C.A. §§ 4-21-102, 8-50-103(b).  This cause of action is also brought under the Tennessee Human Rights Act and the Tennessee Disability Act which prohibits discrimination in employment based on an actual or perceived disability.

32. Plaintiff timely filed a Complaint with the Tennessee Human Rights Commission Commission ("EEOC Complaint"). Plaintiff received a Plaintiff's Dismissal and Notice of Rights on June 18, 2017. Both the Complaint of Discrimination and the Dismissal and Notice of Rights have been served on Defendant and Plaintiff timely files this action.

33. Plaintiff alleges that his actual or perceived disability was a determining factor in the terms and conditions of his employment. Plaintiff reported at his initial interview and to his supervisor of his PTSD from his military service and the exposure to excessive noise and the effect thereof;

34. Defendant discriminated and against Plaintiff because of his disability in, but not limited to, the following ways:

   **a.** Plaintiff requested accommodations based on his sensitivity to noise and his PTSD from his prior military service but Defendant failed to provide reasonable accommodations;

   **b.** Defendant fired Plaintiff after he requested a reasonable accommodation;

35. The supervisors and agents of Defendant knew or should have known of the above-mentioned discrimination, and had notice at the time of the termination. Yet, Defendant failed to take immediate and appropriate corrective action to stop the discrimination. Defendant failed to take all reasonable steps to prevent such discrimination from occurring.

36. As a direct and proximate result of Defendant's unlawful conduct as herein alleged, Plaintiff has suffered, and continues to suffer, general and special damages, including lost wages, benefits, bonuses, other employee benefits, lost career opportunities and loss of reputation, the precise amount to be proven at trial.

37. As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff

has suffered and continues to suffer extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the amount of damages not yet fully ascertained, the precise amount to be proven at trial.

38.     The conduct of Defendant, its agents, and employees as described herein was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against Defendant in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendant as hereinafter set forth.

### THIRD CAUSE OF ACTION
(Retaliation in Violation of Title VII of the Civil Rights Act of 1964, as amended and Retaliation in violation of the Tennessee Human Rights Act)

39.     Plaintiff hereby incorporates by reference paragraphs 1-38, inclusive, of this Complaint as though fully set forth herein.

40.     This cause of action is brought pursuant to Violation of Title VII of the Civil Rights Act of 1964, as amended and THRA, T.C.A. 4-21-101 et. Seq. , and the common law of the State of Tennessee which prohibits retaliation against employees for engaging in protected activity.

41.     At all relevant times, Defendant was, and is, a municipal corporation subject to suit under the Tennessee Human Rights Act, T.C.A. 4-21-101 et. Seq. (hereinafter "THRA") and the common law of the State of Tennessee, in that it is a business with eight or more employees doing business in the State of Tennessee.

42.     Plaintiff notified his supervisors of conduct from his peers that had a direct effect on the terms and conditions of his employment, on his job training and the work environment.

43.     Defendant failed to conduct reasonable and thorough investigations based on the complaints regarding Plaintiff.

44.     Defendant has retaliated against Plaintiff by, but not limited to:

a. Harassing Plaintiff;

b. Refusing to conduct investigations based on complaints filed;

c. Subjecting Plaintiff to disciplinary actions without due process;

d. Criticizing Plaintiff;

e. Speaking negatively about Plaintiff to other workers;

f. Failing to treat Plaintiff fairly and consistently during and after any investigations of complaints;

45. As a direct and proximate result of Defendant's unlawful conduct as herein alleged, Plaintiff has suffered, and continues to suffer, general and special damages, including lost wages, benefits, bonuses, other employee benefits, lost career opportunities and loss of reputation, in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

46. As a further direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the amount of damages not yet fully ascertained, the precise amount to be proven at trial.

47. The conduct of Defendant, its agents, and employees as described herein was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against the City of Clarksville in an amount appropriate to punish and make an example of Defendants.

**FOURTH CAUSE OF ACTION**
(Violation of Constitutional Due Process in Plaintiff's employment deprivation, 42 U.S.C. § 1983)
(Defendant Mayor of Clarksville, Kim McMillan, in her official capacity)

48. Plaintiff was an employee of the City of Clarksville and had a protected interest in

his employment.

49.     Defendant Mayor of Clarksville, Kim McMillan, is the mayor of Clarksville. She has the general supervision and control of all city officers and employees.

50.     Defendant has a written policy of not providing some employees with fair and equitable treatment before depriving these same employees with the privilege and benefits of employment in violation of federal and state law.

51.     Defendant has an actual practice of not providing some employees, including Plaintiff, with due process prior to depriving said employees from protected employment interests in violation of federal and state law.

52.     As a direct and proximate cause of Defendants' policies, practices or customs, Defendants  fired Plaintiff without providing constitutionally protected due process or properly investigating any complaints in violation of federal and state law and constitutionally protected interests.

53.     As a direct and proximate result of Defendant's unlawful policies and practices as herein alleged, Plaintiff has suffered, and continues to suffer, general and special damages, including lost wages, benefits, bonuses, other employee benefits, lost career opportunities and loss of reputation, in an amount in excess of the jurisdictional minimum of this Court, the precise amount to be proven at trial.

54.     As a further direct and proximate result of Defendant's unlawful policies and practices, Plaintiff has suffered and continues to suffer extreme anguish, humiliation, and emotional distress, the extent of which is not fully known at this time and the amount of damages not yet fully ascertained, the precise amount to be proven at trial.

55.     The policies and practices of Defendant, its agents, and employees as described

herein was oppressive, fraudulent, and malicious, thereby entitling Plaintiff to an award of punitive damages against the City of Clarksville in an amount appropriate to punish and make an example of Defendants.

WHEREFORE, Plaintiff prays for judgment against Defendants as hereinafter set forth.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Shawn Haynes prays for judgment against Defendants as follows:

1.     For a judgment awarding compensatory damages including lost compensation and lost benefits and according to proof pursuant to Plaintiff's First, Second, Third and Fourth causes of Action according to proof at trial;

2.     For a judgment awarding special and general damages pursuant to Plaintiff's First, Second, Third, and Fourth Causes of Action according to proof at trial;

3.     For a judgment awarding punitive damages pursuant to Plaintiff's First, Second, Third and Fourth Causes of Action according to proof at trial;

4.     For a judgment awarding attorney's fees and costs under Tennessee Human Rights Act, § 1988, The Civil Rights Attorney's Fees Awards Act of 1976 and Tennessee Rules of Civil Procedure for enforcement of an important right affecting the public interest;

5.     For interest on the judgment pursuant to 28 U.S.C.A. § 1961, Prejudgment interest pursuant to Tenn. Code Ann. § 47-14-123 and Tenn. Code Ann. § 47-14-103

6.     For such other and further relief as the Court shall deem just and proper.

Dated September 14, 2017

s/ Melissa A. Morris
Melissa Morris, BPR# 035018
NASHVILLE VANGUARD LAW, PLLC
404 James Robertson Pkwy, Suite 102
Nashville, TN  37208
Telephone:  615-502-2386
Facsimile:  270-974-4674
Email:  Melissa.morris@nashvillevanguardlaw.com

*Attorney for Plaintiff Shawn Haynes*

## **PLAINTIFFS HEREBY DEMANDS A TRIAL BY JURY**

As to all claims allowing for trial by jury, Plaintiff herby demands a trial by jury.

Date:  September 14, 2017           NASHVILLE VANGUARD LAW, PLLC


/S/ Melissa A. Morris
MELISSA A. MORRIS, BPR# 035018
NASHVILLE VANGUARD LAW, PLLC
404 James Robertson Pkwy, Suite 102
Parkway Towers Building
Nashville, TN 37219

*Attorney for Plaintiff Shawn Haynes*